[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
This is a petition for a new trial on the grounds of newly discovered evidence, the petitioner having been convicted of murder on March 21, 1989.
At the trial, the statement of a purported eye witness identifying the petitioner as the killer was admitted under State v. Whelan, 200 Conn. 743 (1986). Her subsequent recantation occurred amidst speculation involving threats and concerns of retaliation.
After conviction but before sentencing, a New Haven police officer was approached at a donut shop by Laura Washington. She proceeded to tell the officer that she had been present at the murder scene and had seen someone other than this petitioner shoot the victim. The officer reported this encounter at once, observing that, on that occasion Ms. Washington appeared to be under the influence. The information was given to counsel for the petitioner before sentencing, but no evidence was offered to this court as to efforts to locate Ms. Washington at that time.
When the hearing on this petition commenced, the court was advised that Laura Washington was present and she was pointed out in the court room. The court then heard these witnesses: Assistant State's Attorney David Gold, Officer John Minardi, CT Page 6872 Attorney Milo Altschuler (who defended the petitioner at trial) and the petitioner.
After a recess, when the hearing was resumed, the court was advised by counsel for the petitioner that Ms. Washington would not be called as a witness.
DISCUSSION
The petitioner bears the burden of proving by a fair preponderance of evidence: (a) that there is newly discovered evidence; (b) that could not have been discovered earlier by the exercise of due diligence; (c) that would be material on a new trial; (d) which is not merely cumulative; (e) and is likely to produce a different result.
The purpose of this hearing on the petition was to have the court hear the evidence which the petitioner would produce at a new trial. For the court to determine whether the evidence would be material and would be likely to produce a different result, the evidence — in this instance the statement of Laura Washington would have to be heard by the court. Ms. Washington would be observed and a determination made as to her truthfulness. Cross examination would be conducted and the court would observe her on the stand.
The petitioner chose not to call this key witness but now leaves the court with the same evidence that existed in 1989 — chance remarks to the police officer who observed she might have been under the influence.
At this stage of the proceedings the court has no basis on which to conclude what she would say on the stand on direct and cross examination. It necessarily follows that the court is left to conjecture as to what the impact of her testimony might have in a new trial.
Giving the petitioner the benefit of the doubt and assuming that this was newly discovered evidence as to the 1989 trial, and putting aside the disputed issue as to reasonable discoverability, there is no way this petition can be granted on the basis of the 1989 oral statement to the police officer.
The petition for a new trial is denied. CT Page 6873
Anthony V. DeMayo Judge Trial Referee